UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHLEEN BIONDO,                                                    **DECISION**
                                        Plaintiff,                          **and**
        v.                                                                  **ORDER**

KALEIDA HEALTH,                                                    **15-CV-362G(F)**
d/b/a Buffalo General Medical Center,

                                        Defendant.
_____

APPEARANCES:          EISENBERG & BAUM, LLP
                      Attorneys for Plaintiff
                      ANDREW ROZYNSKI,
                      LEAH WIEDERHORN, of Counsel
                      24 Union Square East, 4th Floor
                      New York, New York 10003

                      ROACH, BROWN, MCCARTHY & GRUBER, P.C.
                      Attorneys for Defendant
                      MARK R. AFFRONTI, of Counsel
                      1920 Liberty Building
                      424 Main Street
                      Buffalo, New York 14202


        This matter is before the court on Plaintiff's request for attorneys fees and

expenses incurred as a result of Plaintiff's motion to compel filed January 15, 2016 (Dkt.

20) ("Plaintiff's motion") which was granted by the court in a February 17, 2016 Decision

and Order (Dkt. 28).  In accordance with the court's direction Plaintiff filed, on March 16,

2016, the Declarations of Andrew Rozynski (Dkt. 30) ("Rozynski Declaration"), and Leah

Wiederhorn (Dkt. 31) ("Wiederhorn Declaration") ("Plaintiff's Request").  Plaintiff's

motion was argued by Ms. Wiederhorn on behalf of Plaintiff on February 10, 2016 (Dkt.

27).  Mr. Rozynski requests reimbursement for 8.4 hours of work on Plaintiff's motion at

a billing rate of $550/hr. for a total of $4,620; Ms. Wiederhorn requests $6,030 for 20.1 hours at $300/hr.  In opposition, Defendant filed the Attorney Affidavit of Mark R. Affronti who opposed Plaintiff's motion (Dkt. 32) ("Affronti Affidavit") ("Defendant's Opposition").

In Defendant's Opposition, Defendant objects to Plaintiff's use of Mr. Rozynski and Ms. Wiederhorn's attorney hourly rates because such rates are based on the New York City market where Plaintiff's attorneys maintain their offices and not the prevailing rates for attorneys of similar skill and experience in the legal market in this district. Affronti Affidavit ¶ 6.  Defendant also contends the billable hours recorded by Plaintiff's attorneys includes time for activity which did not, according to Affronti's records, occur, or on their face are excessive or duplicative.  Dkt. 32-1 (*passim*).  Defendant also contends it is improper to award attorneys fees pursuant to Fed.R.Civ.P. 37(a)(5)(A) in a case like the instant action where Plaintiff's counsel is to be compensated on a contingency fee basis.  Affronti Affidavit ¶ 7.

In Plaintiff's Reply Memorandum filed April 6, 2016 (Dkt. 33) ("Plaintiff's Reply"), Plaintiff agrees to reduce the hours sought to be compensated for Mr. Rozynski's work to 4 hours; and reduce Ms. Wiederhorn's time to 15 hours for a total of 19 hours more closely approximating the 16.6 hours Defendant concedes as reasonable in this case. *See* Affronti Affidavit ¶ 19 ("reasonable expenditure of time for Attorney Rozynski would be 3.2 hours, and a reasonable expenditure of time for Attorney Wiederhorn would be 13.4 hours.")  Thus, the court first addresses whether Plaintiff's attorneys' rates based on New York City's market, as opposed to those applicable to this court's market, should apply.

Where a plaintiff elects to retain out-of-town counsel located in a market of substantially higher hourly billing rates than those prevailing in the forum court's geographical area, the court has discretion to utilize the billing rates of the retained counsel's market rather than those prevailing in the forum's area. *See Robbins & Myers, Inc. v. J.M. Huber*, 2010 WL 3992215, at *5 (W.D.N.Y. Oct. 12, 2010) (citing *On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed.Appx. 448, 452 (2d. Cir. 2009) (district court entitled to use out-of-district hourly rates to calculate attorneys fee awarded as a sanction rather than to shift fees)).   Such discretion is exercised on objective factors such as the party's reasons for retaining out-of-town, as opposed to local, counsel. *Id.* Here, Plaintiff claims that Defendant's failure to provide a sign-language translator for Plaintiff who is verbally and hearing impaired to facilitate Defendant's treatment of Plaintiff at one of Defendant's emergency rooms violates the American with Disabilities Act ("ADA").  Plaintiff selected the Eisenberg & Baum, LLP firm where Mr. Rozynski and Ms. Wiederhorn practice because it has a practice area which specializes in claims by hearing impaired plaintiffs under the ADA, headed by Mr. Rozynski, who is able to communicate with such plaintiffs by sign language. *See* Dkt. 33 at 5; Dkt. 33-1 ¶ 6.  Thus, this case cannot be said to be a routine ADA matter; rather, it raises unusual issues under the ADA claim warranting Plaintiff's selection of the Eisenberg & Baum firm which specializes in this type of ADA claim to represent her. *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (litigant must show reasonable client would have selected out-of-town counsel with special expertise to support fee request using such counsel's market rates).  Certainly, Mr. Rozynski's ability to communicate with Plaintiff using his signing skill will be of special

benefit in preparing and prosecuting this action.  *See id.* (recognizing out-of-town

attorney's special "expertise in litigating particular type of case" and that counsel's

representation would benefit such case).  Accordingly, the court in its discretion will

apply New York City legal market billing rates to Plaintiff's request "to serve a general

deterrent effect" against further violations of the responsible party's failure to provide

required discovery.  *See Southern New England Telephone Company v. Global NAPS,*

*Inc.*, 624 F.3d 123, 149 (2d Cir. 2010).

As Plaintiff does not appreciably dispute Plaintiff's attorneys' time requests (16.6

vs. 19 hrs.), the court focuses, as required, on the reasonableness of the respective

hourly rates for Mr. Rozynski and Ms. Wiederhorn's time.  Thus, the court need not

exercise its discretion to further reduce the total amount of hours sought by Plaintiff to

adjust for excessive overstaffing on Plaintiff's motion or duplication of work.  *See*

*Lochren v. County of Suffolk*, 344 Fed.Appx. 706, 709 (2d Cir. 2009) (approving 25%

across-the-board reduction in requested hours to address overstaffing and duplicative

work based on court's evaluation of the scope and complexity of the matter).  In

awarding reasonable attorneys fees courts should consider rates "'prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience,

and reputation.'"  *Luciano v. Olsten,* 109 F.3d 111, 115 (2d Cir. 1997) (quoting *Blum v.*

*Stenson*, 465 U.S. 886, 896 n. 11 (1984)).[1]

Nor is there any merit in Defendant's further contention that attorneys fees as a

sanction in a discovery dispute should not be awarded where a plaintiff is represented

---

[1]   The court declines to apply the 12 part test established by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) ("*Johnson*") as Plaintiff proposes.  Dkt. 33 at 3.  *See Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1672 (2010) (approving the traditional lodestar method over the more subjective *Johnson* method) ("*Perdue*"); *Miller v. Metro-North Railroad Company*, 658 F.3d 154, 166 (2d Cir. 2011) (applying *Perdue* as requiring use of the lodestar method).

Case 1:15-cv-00362-FPG-LGF   Document 40   Filed 05/12/16   Page 5 of 6


on a contingency fee basis. *See Hubbard v. Total Communications, Inc.*, 2010 WL 1981560, at *3 (D.Conn. 2010) (contingency fee arrangement does not impose an automatic ceiling on an award of attorneys fees (citing *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989))). The question of what is the proper reasonable hourly rate turns on "'what a paying client would be willing to pay.'" *Hubbard*, 2010 WL 1981560, at *2 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). In this case, Plaintiff has provided fee decisions by the district court in the Southern District supporting an hourly rate of $475 for an experienced IDEA litigator and $200-250/hr. for a first year associate. Dkt. 33 at 4 (citing *EF v. New York City Dep't of Educ.*, No. 11-CIV-5243 (S.D.N.Y. Mar. 17, 2014)). Based on this standard, the court finds that as a litigating partner with four years experience, Affronti Affidavit ¶ 18, a reasonable hourly rate in the Southern District for Mr. Rozynski is $450/hr; for Ms. Wiederhorn, as a nine-year associate, $250/hr. Applying these rates to the reasonable hours each worked in Plaintiff's successful motion to compel, as Defendant concedes, Affronti Affidavit ¶ 19, and which amount the court finds reasonable, results in the following:

| Rozynski | 3.2 hrs. x $450 | = | $1,440.00 |
|---|---|---|---|
| Wiederhorn | 13.4 hrs. x $250 | = | $3,350.00 |
| Total fee award: | | | $4,790.00 |

Finally, in accordance with Rule 37(a)(5)(A), the court finds that such award should be the responsibility of Defendant's attorney as there is no indication in the record that Defendant's failure to comply with Plaintiff's Request to Admit No. 6, or that

Defendant's four-month delay in timely responding to Plaintiff's Interrogatory and

Document Requests necessitating Plaintiff's motion was caused by Defendant.

## CONCLUSION

Based on the foregoing, Plaintiff is awarded $4,790.00 pursuant to Rule

37(a)(5)(A) against Defendant's attorneys.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  May 12, 2016
        Buffalo, New York